Martin, RJ.
This matter arises from an arson fire set by the juvenile foster child of the defendants (Lima). The child was placed in the Limas’ home by reason of an agreement with D.S.S. There is nothing in the record to indicate who had legal custody. We may, from the facts, infer that the Limas had physical custody. The plaintiff is seeking redress against the Limas on the basis of M.G.L.c. 231, §85G. M.G.Lc. 231, §85G holds parents responsible for the wilful acts of a child under the age of 15 which results in injury or death to another. The Trial Justice allowed the defendants’ motion to dismiss and we affirm
The juvenile was in the Lima home as part of the statutory scheme of M.G.L.c. 119, §21, to provide temporary care for homeless children. The Limas were paid to care for the juvenile by the Commonwealth. There is no language in the statute or elsewhere that indicates that the temporary care giver should be liable for the conduct of a temporary foster child or be made an insurer therefor. We, therefore, affirm.